[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The dispositive question in this matter is whether the plaintiff's failure to provide written notice to the defendants of their right to reinstatement and to assert defenses to this foreclosure action is a bar to the plaintiff's foreclosing the defendants' mortgages.
The essential facts are undisputed. The plaintiff MidConn Bank seeks to foreclose two mortgages encumbering the defendants' property. One mortgage is in the principal amount of $175,000; the other is in the amount of $100,000. Each mortgage secured loans of $175,000 and $100,000, respectively, as evidenced by notes executed by the defendants. As of September 10, 1996, the CT Page 63-A date of the hearing in this matter, $218,897.88 was the amount of the debt owed under the $175,000 note and mortgage, and $127,190.87 was the amount owed under the $100,000 note and mortgage. The total debt is $346,088.75. The affidavit of appraiser indicates that the fair market value of the property as of August 15, 1996, was $221,500.
The defendants' principal defense is that the plaintiff has failed to comply with the notice requirements set forth in the $175,000 mortgage. Specifically, paragraph 19 of the mortgage provides in bold print:
 Acceleration; Remedies. Lender shall give notice to borrower prior to acceleration following Borrower's breach of any covenant or agreement . . . The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Agreement and foreclosure or sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in Court the non-existence of a defaultCT Page 63-B or any other defense of Borrower to acceleration and foreclosure of sale."
(Emphasis supplied).
The defendants argue that the notice provided pursuant to paragraph 19 is deficient in two respects. First, they argue that the notice provided to them did not comply with sections (a) through (d) in that it did not specify the default; the action required to cure the default; the date by which the default must be cured; and that failure to cure the default may result in acceleration of the note. Second, the defendants allege that the notice provided by the plaintiff did not advise them of their right to reinstatement and their right to interpose defenses, including the non-existence of the default.
A comparison of the notice with paragraph 19 of the mortgage indicates that while the plaintiff's notice substantially complied with the requirements of paragraph 19(a)-(d), it failed to advise the defendants of their right to reinstatement and to assert defenses. Because the defendants have failed to establish that the failure to provide notice of these rights prejudiced them, their special defense is overruled.
The defendants first argue that the bank's notice failed to, CT Page 63-C comply with the requirements of paragraph 19(a)-(d) of the mortgage. A comparison of the terms of paragraph 19 with the notice sent to the defendants indicates that the notice satisfied the requirements of paragraph 19.
First, paragraph 19(a) requires that the notice specify "the default." The demand letter of January 4, 1996, satisfies this provision by advising the defendants that "you have not made the payments due on this note since September 16, 1993, and so as of January 4, 1994 you are delinquent in the amount of $8,085.28 plus late charges of 5% as appropriate."
Second, paragraph 19(b) requires the bank to specify "the action required to cure the default." The January 4 notice informs the defendants that "if all overdue sums are not paid within 30 days from the date of this letter . . . you will be in default on this obligation." The plain import of this statement is that if all monies due and owing are paid, the default will be cured.
Third, paragraph 19(c) requires the plaintiff to specify "a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured." The January 4, 1996 letter satisfies this requirement. It specifies that full payment of all overdue sums must be made "within 30 days from the CT Page 63-D date of this letter, which is the date that this letter is being sent to you."
Fourth, paragraph 19(d) requires the notice to specify that "failure to cure the default on or before the date specified in the notice may result in acceleration" of the loan. The notice fully complies with this provision, specifying that "[u]pon such failure to pay and the resulting default, all sums due under the note will be accelerated and due in full."
While the January 4, 1996 notice complies with the notice requirements set forth in the mortgage, the plaintiff agrees that the notice, contrary to the requirements of paragraph 19, failed to "inform the borrower of the right to reinstate after acceleration and the right to assert in Court the non-existence of a default or any other defense of Borrower to acceleration and foreclosure or sale." The defendants argue that this failure should act as an absolute bar to foreclosure. The plaintiffs claim that this omission should not prevent foreclosure unless the defendants can demonstrate that they were prejudiced by the omission.
It is, of course, black letter law that proper notice of default and acceleration under the mortgage is a mandatory condition precedent to an action for foreclosure. CitiCorpCT Page 63-EMortgage Inc. v. Proto, 41 Conn. Sup. 598 (1996). Unquestionably, failure to give proper notice of demand and acceleration would constitute an absolute defense to a foreclosure action. In this case, however, the defective notice does not concern demand and acceleration, but rather the rights of the borrowers to contest the default and to interpose any other relevant defenses after acceleration of the debt and initiation of the foreclosure action. The plaintiff claims that this failure is excusable in the absence of a showing that the defendants were prejudiced by this omission.
There is apparently no Connecticut appellate decision on this matter. As our Supreme Court, however, has noted in a case involving the failure of an insured to provide timely notice of loss to the carrier, "[w]e are confronted . . . by a conflict between two competing principles in the law of contracts. On the one hand, the law of contracts supports the principle that contracts should be enforced as written, and that contracting parties are bound by the contractual provisions to which they have given their assent . . . On the other hand, the rigor of this traditional principle of strict compliance has increasingly been tempered by the recognition that the occurrence of a condition may, in appropriate circumstances, be excused in order to avoid a `disproportionate forfeiture.'" Aetna Casualty Surety Co. v.Murphy, 206 Conn. 409, 412-13 (1988). CT Page 63-F
After reviewing analogous contract cases, the Aetna court concluded that "in appropriate circumstances, a contracting party, despite his own default, may be entitled to relief from the rigorous enforcement of contract provisions that would otherwise amount to a forfeiture." Id., 414. In determining whether non-compliance with a contract provision may be excused the Court identified three interests that must be weighed: the purpose of the contractual provision; the reason for noncompliance and the loss to the breaching party if the contract is enforced literally. The purpose of this weighing process is to balance the injury caused by noncompliance with the contract term against the injury resulting from strict enforcement of the literal terms of the contract:
 In our judgment, a proper balance between the interests of the insurer and the insured requires a factual inquiry into whether, in the circumstances of a particular case, an insurer has been prejudiced by its insured's delay in giving notice of an event triggering insurance coverage. If it can be shown that the insurer suffered no material prejudice from the delay, the nonoccurrence of the condition of timely notice may be excused CT Page 63-G because it is not, in Restatement terms, a `material part of the agreed exchange.' Literal enforcement of notice provisions when there is no prejudice is no more appropriate than literal enforcement of liquidated damages clauses when there are no damages.
Id., 418 (internal quotations and citations omitted).
The logic of Aetna is equally applicable to this case. The requirement that a lender provide notice of the borrower's right to contest the default and assert defenses is not, unlike notice of acceleration and default, required by law or otherwise a condition precedent to the lender perfecting and asserting its right to foreclose. While notice of these rights is unquestionably important, a per se rule prohibiting a lender from proceeding with the foreclosure action in the absence of proof that failure to provide proper notice caused material harm to the borrower would result in a "disproportionate forfeiture" to the lender. Id.
In this case the record demonstrates that the defendant has been represented ably by counsel. The defendant has vigorously defended this matter, interposing numerous defenses and mounting an aggressive challenge to the plaintiff's action. The CT Page 63-H defendants make no claim that, but for the absence of the notice of rights, they would have either contested the default or interposed other defenses not already asserted in this action. This is not a case, in short, in which the defendant can identify how the failure of the plaintiff to provide the required notice affected either his litigation strategy or his ability to contest the claims. On the other hand, the plaintiff is substantially disadvantaged if it is precluded from proceeding with this action. At the least, the defendant's indebtedness will continue to grow, creating greater losses for the plaintiff. Accordingly, under the circumstances of this case, the defendant's special defense is overruled and judgment shall enter for the plaintiff.
A hearing in this matter will be scheduled to establish the debt, determine the appropriate attorneys' fees and set the law days.
Holzberg, J.